IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | |
| Plaintiff, | 8:22CV236 |
| vs. | |
| CREDIT BUARUL CAPITOL ONE CREDIT CARD, VISTA PRINT CREDIT PAY PAL, AMAZON CREDIT CARD, VISA PLUS DILLARDS YONKERS CARD, EXPERIAN, and CREDIT KARMA, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff Austin Edward Lightfeather's correspondence at Filing No. 7, Filing No. 8, and Filing No. 9, which the Court construes as responses to the Court's July 8, 2022, Memorandum and Order (the "Order to Show Cause") requiring Lightfeather to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action. *See* Filing No. 6. The Court has identified three or more federal court cases brought by Lightfeather, while a prisoner, that were dismissed as frivolous or for failure to state a claim. The cases identified by the Court were:

- *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint);

- *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, May 24, 2021 Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint for failure to state a claim and for being frivolous);

- *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, May 19, 2021 Memorandum and Order and Judgment dismissing Plaintiff's complaint as frivolous).

Under section 1915 of the Prison Litigation Reform Act ("PLRA"), prisoners who are granted IFP status must still pay a filing fee but may do so in installments. However, the PLRA also has a provision known as the "three strikes rule" that limits the availability of IFP to prisoners who have filed at least three prior lawsuits that were dismissed as frivolous, malicious or for failing to state a claim. 28 U.S.C. § 1915(g). The PLRA prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. *Id.*

Lightfeather filed several responses to the Court's Order to Show Cause on July 22, 2022, Filing No. 7, July 28, 2022, Filing No. 8,[1] and July 29, 2022, Filing No. 9. In Filing No. 7, Lightfeather explains that his autism hinders his ability to think and act and argues that a finding of three strikes would impact his "federal right to an attorney" and

---

[1] Lightfeather's letter dated July 25, 2022, Filing No. 8, informed the Court that Lightfeather requested that "the workers" send the Clerk of Court a check for the amount owed. The correspondence at Filing No. 8 does not address the Order to Show Cause and appears to be merely informational.

would prevent him from requesting release in the future if the opportunity arises. Filing No. 7 at CM/ECF p. 2. He also argues a finding of three strikes would violate his right to be free from incarceration, *id.* at p. 3, and would violate his rights under federal disability law, *id.* at p. 4. None of these assertions provide a legal basis to exclude Lightfeather from the three strikes provision of the PLRA.

In Filing No. 9, Lightfeather attempts to address the imminent danger exception of § 1915(g). Lightfeather lists some of his previous cases and summarily states that he alleged imminent threat of danger in several of them. Lightfeather also speculates that he is in danger because he is a Jewish person and has been the victim of past assaults. However, allegations of past danger would not qualify as a threat of imminent danger under the plain language of § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan."); *see also Gills v. Frakes*, No. 4:21CV3004, 2021 WL 1575767, at *1 (D. Neb. Apr. 22, 2021) (noting that speculation about the mere possibility of danger is insufficient for purposes of § 1915(g)). Moreover, Lightfeather's lawsuit concerns his apparent inability to repay alleged debts owed to Defendants and the Complaint itself alleges no imminent threat of harm.

In sum, the Court has considered Lightfeather's responses to the Order to Show Cause, the Complaint, and his other filings and finds his allegations do not support a finding that Lightfeather is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Lightfeather's disability and past circumstances, while unfortunate, do not rise to the level of imminent danger of serious physical injury. Moreover, his Complaint alleges

no threat of imminent harm. Because Lightfeather has "three strikes" and is not facing or alleging imminent danger of serious physical injury, he is not eligible for IFP status. Lightfeather has not paid the $402.022 filing and administrative fees, and, thus, the Court will dismiss this matter without prejudice.

    IT IS THEREFORE ORDERED that:

    1.    Lightfeather's Motion for Leave to Proceed in Forma Pauperis, Filing No. 5, is denied.

    2.    This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

    3.    Any notice of appeal filed by Lightfeather must be accompanied by the $505.00 appellate filing fee because Lightfeather will not be allowed to proceed in forma pauperis on appeal.

    Dated this 19th day of October, 2022.

                                           BY THE COURT:

                                           Joseph F. Bataillon
                                           Senior United States District Judge